BOLIN, Judge.
Under the authority of the “quick taking” statute (La.R.S. 48:441 et seq.), the Department of Highways expropriated in full ownership a 3.984 acre tract of land owned by defendants, Milton C. Manasco, Doyle L. Wise, and Donald L. Wise. The Department deposited $25,850 in the registry of court as just compensation for the taking. Defendants answered plaintiff’s petition alleging just compensation to be $40,783. After trial, the lower court held defendants had not proved value in excess of the amount previously deposited in the registry of the court. From a judgment rejecting defendants’ demands, they appeal seeking an increase in the award. We affirm.
The sole issue relates to the amount to be awarded defendants for their property which was expropriated by plaintiff for highway construction.
On May 15, 1972, defendants purchased a rectangular 11.684 acre tract of land located in the southwest part of the City of Shreveport. The Meriwether Road formed the northern boundary of the property and a dedicated but unopened street formed the western boundary. The 3.984 acres taken by the Department was the rear portion of the 11.684 acre “parent tract”.
Defendant Manasco testified defendants acquired the parent tract for development into a residential subdivision. When defendants consulted the Metropolitan Planning Commission, they were informed of the possible expropriation of the rear part of the tract. Manasco testified the defendants considered developing the front 7.7 acres which would remain after the expropriation but concluded such development would not be economically feasible. On January 5, 1973, defendants sold the front 7.7 acres of the property to a church for $75,000. As a result of this sale, the expropriation of 3.984 acres on December 6, 1973, constituted a total taking of defendants’ property.
The Department offered the testimony of only one expert appraiser, who testified the highest and best use of the property taken was for residential subdivision purposes. Using the “market data” approach, he concluded the property had a value of $6,-250 per acre. The appraiser’s comparable sales were of tracts ranging in size from 5 to 17 acres. Two of the sales involved the parent tract, being the defendants’ acquisition of the parent tract in May of 1972 and the sale by defendants of the front portion of the property to the church in January of 1973.
Defendants’ sole expert appraiser also used the “market data” approach. However, his comparables were established residential subdivision lots. He adjusted the price paid for these comparables to reflect the value of undeveloped subdivision lots. He concluded the subject property had a value of 23j/£ cents per square foot, or $40,783 for the entire tract.
The trial court rejected defendants’ demands based on a finding that the Department’s comparables, particularly the two sales involving the parent tract, most nearly reflected the value of the property and that defendants had “failed to prove a value in excess of that paid by the State for the taking of the property.”
Defendants make two arguments on appeal. First, they contend the court erred in valuing the property on a “raw acreage” basis, i. e., valuing the property as if sold as a whole to another developer. Defendants contend the property taken was *527 in the process of being developed into a residential subdivision and therefore the value should be calculated by the following formula: retail value (of each individual subdivision lot) plus developer’s profit minus development costs. Second, they argue that even if the proper method of valuation is on a “raw acreage” basis, the court erred in not awarding more than the amount the Department deposited in the registry of court.
On the first issue, defendants argue they purchased the parent tract for development into a residential subdivision. They contend development of the property had begun and that just compensation should therefore reflect a developer’s profit. Defendants cite and rely on State, Department of Highways v. Terrace Land Co., Inc., 298 So.2d 859 (La.1974).
In Terrace Land Company the issue was “whether an owner-developer of property best suitable for residential subdivision purposes is entitled to be compensated at the retail value of the land taken, including a developer’s profit, less development costs, or at the amount a purchaser-developer would pay for the land on an acreage basis.” The Department in that case expropriated a 14 acre tract of land from a 90 acre subdivision. Forty-one acres of the subdivision had already been developed into lots, most of which had been sold. The court held:
“. . . that an owner-developer is entitled to recover on the basis of the individual retail value of each lot (less development costs, but not less the developer’s profit) if sold in the ordinary and usual course of business. Of course, as to be noted more fully, this rule applies only where the sale of lots for subdivision purposes is reasonably prospective, and only where the evidence shows that the owner-developer is actually in the process of developing and selling the land as subdivision lots, as compared with merely holding an undeveloped tract for its potential subdivision development.
******
“. . . Thus, awarding a raw-acreage rather than a retail-lot value may be appropriate when, at the time of the taking, the subdivision-value of the land is only potential rather than being actually developed for purposes of resale by the owner himself at the time of the taking. State, Department of Highways v. Rapier, 246 La. 150, 164 So.2d 280 (1964).”
In the instant case, the lower court in written reasons for judgment stated:
“The evidence did not disclose any effort on the part of defendants to improve the land for the development of a subdivision such as Mr. Manasco described in his testimony and on which defendant contends they are entitled to compensation, nor were we impressed with his testimony that such was his intention.”
We are in accord with this finding. Defendants failed to show they had taken sufficient steps toward the development of the property to bring them within the principles anounced in Terrace Land Company.
On the second issue, there is ample evidence in the record to support the trial court’s judgment. From a careful review of the entire record, we find the highest and best use of the expropriated tract would be for a potential residential subdivision. We also find the weight of the testimony supports the value placed on the property by plaintiff, which value the lower court accepted as reflected by its written reasons and judgment.
The judgment is affirmed at appellants’ cost.